**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY PATRICK O'LAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01117-JAR |
| | ) | |
| ERIC H. HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Timothy Patrick O'Laughlin for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently in custody at the Rochester Federal Medical Center in Rochester, Minnesota. In order to better understand the instant complaint, it is necessary to briefly look at his prior court records.

On May 2, 2012, plaintiff was charged in the United States District Court for the Eastern District of Missouri with two counts of interstate stalking and one count of interstate threatening communication. *United States v. O'Laughlin*, No. 4:12-cr-181-CDP-1 (E.D. Mo.). Before

disposition of his criminal case could occur, a petition to determine plaintiff's mental condition was filed in the United States District Court for the Western District of Missouri. *United States v. O'Laughlin*, No. 6:15-cv-3419-BP (W.D. Mo.). On September 19, 2016, the Western District ordered plaintiff civilly committed, following a determination that he was not competent to proceed to trial. The Western District's commitment order was affirmed by the United States Court of Appeals on August 10, 2017. *United States v. O'Laughlin*, No. 16-4244 (8th Cir. 2017).

Plaintiff has made subsequent efforts to be released from his commitment. On April 3, 2018, the Western District denied his pro se motion for discharge. *United States v. O'Laughlin*, No. 6:15-cv-3419-BP (W.D. Mo.). Then, on July 2, 2018, the Western District denied his motion for a hearing. Plaintiff appealed, and the judgment was affirmed on August 19, 2019. *United States v. O'Laughlin*, No. 18-2473 (8th Cir. 2019). The Supreme Court denied certiorari on March 23, 2020. *O'Laughlin v. United States*, No. 19-7428 (2020).

On August 2, 2018, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *O'Laughlin v. Smith*, No. 6:18-cv-3237-BP (W.D. Mo.). The petition was dismissed on December 17, 2018. The Eighth Circuit affirmed the judgment on May 15, 2019. *O'Laughlin v. Smith*, No. 18-3749 (8th Cir. 2019).

During the pendency of plaintiff's commitment, he has filed numerous motions for release in the Western District, which have been denied. *See, e.g., United States v. O'Laughlin*, No. 6:15-cv-3419-BP (W.D. Mo. Mar. 1, 2021) (order denying seventeen motions filed by plaintiff between January 11, 2021 and February 23, 2021). At present, plaintiff remains under commitment pursuant to 18 U.S.C. § 4246.

On January 29, 2021, in plaintiff's criminal case, the Honorable Catherine D. Perry issued an order directing the government to show cause as to why the case should not be dismissed

without prejudice. *United States v. O'Laughlin*, 4:12-cr-181-CDP-1 (E.D. Mo.). On August 25, 2021, at the request of the government, Judge Perry ordered an additional competency evaluation under 18 U.S.C. § 4241. An amended order was filed under seal on September 3, 2021. At present, the results of the competency evaluation have not been received.

### The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming former United States Attorney Generals Eric H. Holder and Loretta Lynch as defendants. (Docket No. 1 at 1). They are sued in both their official and individual capacities. The complaint is handwritten on a Court-provided § 1983 form. In the "Statement of Claim" section of the form complaint, plaintiff has written: "See Attached." (Docket No. 1 at 3).

Attached to the complaint is an exhibit titled: "Attachment to Complaint of Libel, Slander and Defamation of Character and False Arrest Pursuant to Title 42 USCS 1983." (Docket No. 1-1 at 1). The attachment adds former United States Attorney Generals William Barr and Jeff Sessions as defendants. It is divided into six sections, which the Court will go through in turn.

First, plaintiff begins with a jurisdictional statement, in which he alleges that defendants have libeled him, slandered him, and defamed his character by falsely accusing "him of committing several offenses including threatening persons, stalking individuals, sexual misconduct, lewdness and inappropriate behavior." Because he was criminally charged in the Eastern District of Missouri, he invokes this Court's jurisdiction.

Second, in the section labeled "Statement of Complaint," plaintiff again accuses defendants of libel, slander, and defamation of character. (Docket No. 1-1 at 2). He bases these claims on the contention that defendants knowingly and falsely accused him "of having committed several offenses against former female acquaintances and former supervisory employees in an attempt to

4

get him committed into the Bureau of Prisons." Plaintiff states that these accusations have presented him as a person who "stalks women," as a person who threatens women and their families, as a person who "abuses [with] violence," and as a person who has committed lewd acts to gain the attention of women. He further asserts that these accusations have been made without proof or evidence, and has "caused him to be permanently injured by such falseness."

Third, in the section labeled "Memorandum of Law," plaintiff cites and briefly discusses three separate cases arising under the Federal Tort Claims Act (FTCA). (Docket No. 1-1 at 2-3). These cases each discuss the intentional torts exception to the FTCA's waiver of sovereign immunity. In particular, plaintiff – perhaps misapprehending the meaning of these cases – notes that claims arising under libel and slander fall within the exception to the sovereign immunity waiver, and cannot be brought under the FTCA.

Fourth, in the section labeled "Statement of Facts," plaintiff repeats his contention that defendants have libeled him, slandered him, and defamed his character by making "false accusations of sexual misconduct, stalking, threatening behavior and lewdness and inappropriate behavior towards women whom he was in acquaintance." (Docket No. 1-1 at 3). He states that these purportedly false accusations have "completely ruined and destroyed his honorable reputation that goes as far back as middle school." Plaintiff adds that he was an aircraft technician in the United States Army, and that he was honorably discharged from the service.

Fifth, in the section labeled "Relief Sought," plaintiff requests ten million dollars in punitive damages for psychiatric, psychological, and emotional distress during his years of imprisonment. He also asks for "immediate release from confinement due to its illegality."

Finally, in his "Conclusion," plaintiff asks "that his complaint of libel, slander and defamation of character be granted." (Docket No. 1-1 at 4).

Based on the background described above, it is apparent that plaintiff is accusing defendants of wrongfully bringing the criminal charges that resulted in the filing of *United States v. O'Laughlin*, No. 4:12-cr-181-CDP-1 (E.D. Mo. May 2, 2012).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants are liable to him for libel, slander, defamation of character, and false arrest. Because he is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

### A.  42 U.S.C. § 1983/*Bivens* Claims

As noted above, plaintiff specifically asserts that he is bringing this civil action pursuant to 42 U.S.C. § 1983, which is meant "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Defendants, however, are not state actors, but former federal employees. Thus, plaintiff's claims are properly construed as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971).

In *Bivens*, the United States Supreme Court enforced a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389, 397 (1971). Subsequently, in two other cases, the Supreme Court approved of an implied damages remedy for the violation of the Fifth Amendment's due process clause, and the Eighth Amendment's prohibition on cruel and unusual punishment. *Ziglar v.*

*Abbasi*, 137 S.C. 1843, 1854-55 (2017). Thus, generally speaking, "[a] *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).

"An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon*, 795 F.3d at 789 n.7. Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id*.

i.      **Official Capacity Claims**

Plaintiff has sued defendants in their official capacities. An official capacity *Bivens* suit is treated as being made against the United States itself. *See Buford*, 160 F.3d at 1203. However, "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id*. *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials"). Therefore, plaintiff's official capacity claims against defendants must be dismissed.

ii.     **Individual Capacity Claims**

Plaintiff has also sued defendants in their individual capacities. As noted above, a *Bivens* action "is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *See Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). *See also Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) ("This court has referred to a *Bivens* action as the federal law analogous to § 1983"). Liability in a

42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017).

In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has not alleged the personal responsibility of any of the named defendants. That is to say, plaintiff has not presented any facts showing what former Attorney Generals Holder, Lynch, Barr, and Sessions did or did not do to harm him. All four defendants are referred to as a group, and plaintiff never attributes any specific actions to them. Instead, he broadly accuses them all of false accusations, without ever once presenting a fact that connects them to the challenged action. Indeed, plaintiff fails to allege that defendants even knew about the existence of his criminal case, much less took personal actions against him that led to him being wrongly charged.

Beyond plaintiff's failure to establish any causal link between defendants and the violation of his constitutional rights, the Court notes that plaintiff has failed to state any claim whatsoever. To state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. "A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions

8

devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Here, plaintiff does not demonstrate a plausible claim for relief. Rather than presenting any facts, he simply repeats his causes of action, accusing defendants of making false accusations against him, resulting in criminal charges. There are no allegations to support his contentions, just labels and conclusions. This is insufficient to state a claim.

For all these reasons, plaintiff's individual capacity claims against defendants must be dismissed.

### iii.    Cannot Seek Release

To the extent that plaintiff seeks immediate release, the Court notes that he cannot seek such relief through this type of civil action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

**B.  FTCA Claim**

Plaintiff specifically asserts – at several different places in his complaint – that he is bringing the instant action under 42 U.S.C. § 1983. Nevertheless, plaintiff devotes a section of his attachment to discussing FTCA case law. The Court has therefore reviewed his complaint to ascertain whether he has a viable claim under the FTCA.

It is well established that the United States is entitled to sovereign immunity, and cannot be sued without its consent.  *Honda v. Clark*, 386 U.S. 484, 501 (1967). However, the FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). *See also Demery v. U.S. Dept. of Interior*, 357 F.3d 830, 832 (8th Cir. 2004) (explaining that FTCA "allows suits against the United States for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

Any claim under the FTCA would be subject to dismissal for three reasons. First, plaintiff's claims regarding libel, slander, defamation of character, and false arrest appear to fall under the so-called intentional torts exception to the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h) (providing that the FTCA's waiver of the sovereign immunity of the United States does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with

contract rights"); and *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (agreeing with district court that plaintiff could not proceed on slander claim under the FTCA as it fell within the intentional torts exception to the FTCA's waiver of sovereign immunity).

Second, plaintiff does not appear to have exhausted his administrative remedies. Under the FTCA, an action shall not be instituted against the United States "unless the claimant shall have first presented his claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *See* 28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the judicial process is invoked. *McNeil*, 508 U.S. at 112.

Exhaustion of administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). That is, before bringing an action against the United States, a claimant must present his or her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004). Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency"). Here, plaintiff has presented no indication that he has exhausted his administrative remedies by first presenting his claim to the appropriate federal agency.

Third, and perhaps most fundamentally, plaintiff has failed to state a claim under the FTCA. "A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018). Plaintiff has made no attempt to even approach the level of plausibility.

His complaint lists various causes of action, including libel, slander, defamation of character, and false arrest, but makes no attempt to show how defendants are liable for this misconduct. Specifically, there is no indication as to what acts or omissions the four defendants allegedly committed. Instead, he relies on legal conclusions that are entirely unsupported. This is not sufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

For all these reasons, even if plaintiff's complaint is construed as containing a claim under the FTCA, the claim would be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of January, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE